THOMAS R. BURKE (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email: thomasburke@dwt.com

BRENDAN N. CHARNEY (State Bar No. 293378)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California  90017-2566
Telephone:   (213) 633-6800
Facsimile:    (213) 633-6899
Email: brendancharney@dwt.com

Attorneys for Plaintiff
MATT SMITH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATT SMITH, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |
| v. | |
| U.S. DEPARTMENT OF AGRICULTURE, | |
| Defendant. | |

## INTRODUCTION

1.       Matt Smith ("Plaintiff" or "Smith"), on behalf of the Center for Investigative Reporting ("CIR"), brings this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA"), to obtain an injunction requiring the United States Department of Agriculture ("USDA") to respond to a FOIA request sent by Plaintiff to the USDA via e-mail on September 22, 2016 ("Request"), and to promptly disclose the records sought by the Request.

2.       The Request seeks records relating to the USDA's financial funding in Malawi, Africa.  This action is necessary because the USDA has not responded to the Request, although

**1**

FOIA COMPLAINT
CASE NO.:

more than 20 business days have elapsed since the USDA received the Request. A true and correct copy of the Request is attached as **Exhibit A**.

## JURISDICTION

3. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

## VENUE

4. Venue in the Northern District of California is proper under 5 U.S.C. § 552(a)(4)(B) as Plaintiff resides within this District in Emeryville, California. For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

5. Assignment to the San Francisco Division is proper under Civil Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, given that the Request was sent from Emeryville, California, within this District.

## PARTIES

6. Plaintiff Matt Smith is an investigative reporter employed by the Center for Investigative Reporting ("CIR") in Emeryville, California. Founded in 1977, CIR has received multiple awards for its reporting and has twice been named a finalist for a Pulitzer Prize.

7. The USDA is a federal agency within the meaning of 5 U.S.C. § 552(f). Smith is informed and believes that USDA has possession and control of the records sought by the Request.

## FACTS

8. On September 22, 2016, in connection with newsgathering activities concerning the USDA's funding decisions concerning Planet Aid, Smith sent the Request to the USDA via e-mail.

9. The Request was directed to, among others, Rochelle Foster at Rochelle.Foster@fas.usda.gov, one of the agency employees publicly designated by the USDA to receive FOIA requests. *See* USDA FOIA Points of Contact, available as of October 26, 2016 at http://www.dm.usda.gov/foia/poc.htm.

10. The Request sought copies of the following records:

2
FOIA COMPLAINT
CASE NO.:

a. "Planet Aid's FY [fiscal year] 2006 and 2009 USDA-FAS[1] funding proposals for Mozambique and Malawi for all relevant USDA-FAS grant and partnership programs[;]"

b. "'RGW' comments from Abdullah (Al) Ersoz concerning Planet Aid USDA-FAS program/partnership/funding proposals[;]"

c. "the 'decision memos' concerning the Planet Aid proposals sent to selection officials for FY 2006 and 2009[;]"

d. "trip report(s) from Echo Domingues concerning site visits in Malawi in 2014," including drafts and final versions, and specifically including "the trip report uploaded to the Food Aid Information System[;]"

e. "notes related to Echo Domingues Malawi site visit and subsequent trip report[;]"

f. "communications to and from Domingues concerning the site visit and trip report[;]"

g. "meeting notes and other communications between Domingues and Kate Snipes concerning the Malawi site visits[;]"

h. "communications between Kate Snipes and other USDA staff such as Colin Miller concerning Planet Aid and Malawi, and DAPP Malawi[2][;]"

i. "a trip report from a May 2013 (or date around that time) trip to Malawi by the USDA's Colin Miller reviewing USDA projects," including drafts and final versions (clarifying for reference that "[t]hese projects were funded in partnership with Planet Aid and carried out by DAPP Malawi" and specifying that the trip report "was uploaded to the Food Aid Information System)[;]"

j. "notes and supporting materials related to Colin Miller's Malawi site visit and subsequent trip report[;]"

---

[1] USDA-FAS refers to the USDA's Foreign Agricultural Service.

[2] DAPP Malawi is another foreign-aid group that contracts with Planet Aid.

Davis Wright Tremaine LLP

k. "communications to and from Miller concerning the site visit and trip report, including communications with Kate Snipes[;]"

l. "meeting notes concerning this trip and report, including meetings [with] Kate Snipes in Nairobi, and with Marie Lichtenberg, Nicola Sakhleh and Abdullah (Al) Ersoz" and "communications related to such meeting(s)[;]"

m. "the NICRA[3] agreement negotiation/supporting documentation submitted by Planet Aid in support of a cost recovery agreement(s) with USDA-FAS[;]" and

n. "materials submitted in support of the USDA-FAS/Planet Aid NICRA agreement(s) that was(were) in place in and prior to 2013." *See* Exhibit A at 1.

11. Smith asked the USDA to provide expedited processing of the Request, demonstrating a compelling need by explaining that "presentation of this information to the public could alleviate harm to US humanitarian programs and its intended recipients" and noting that Britain's secretary of state for foreign aid has called for an overhaul of UK foreign aid policies, a member of Congress has called for an audit of USDA Planet Aid agreements, and UNICEF has halted and called for an investigation into payments to the US funded organizations in question. *See* Exhibit A at 1-2.

12. Smith also asked the USDA to waive processing fees because the "subject of the request concerns the operations or activities of the US government" and "[d]isclosure will contribute to public understanding of government operations and activities." *See* Exhibit A at 2.

13. The USDA received the Request via e-mail shortly after noon on September 22, 2016. *See* Exhibit A at 1.

14. As of October 3, 2016, more than 10 days have elapsed since the USDA received the Request.

15. As of October 24, 2016, more than 20 days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since the USDA received the Request.

---

[3] NICRA refers to the Negotiated Indirect Cost Rate Agreement that governs billing rates charged to government agencies by an organization doing business with the U.S. Government such as Planet Aid.

4

FOIA COMPLAINT
CASE NO.:

16. As of the filing date of this Complaint, the USDA has not responded to the Request.

17. Because the USDA failed to comply with the 20-business-day time limit provision of FOIA, 5 U.S.C. § 552(a)(6)(A)(i), Smith is deemed to have exhausted his administrative remedies with respect to the Request under 5 U.S.C. § 552(a)(6)(C)(i).

**Violation of FOIA for Failure**

**to Respond Within 20 Business Days**

18. Smith repeats and re-alleges the allegations contained in paragraphs 1 through 17 above, inclusive.

19. The USDA has a legal duty under FOIA to determine whether to comply with a request within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receiving the request, and also has a legal duty to immediately notify the requester of the agency's determination and the reasons therefor.

20. The USDA's failure to determine whether to comply with the Request within 20 business days after receiving it violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and applicable regulations promulgated thereunder.

**Violation of FOIA for Failure to Determine**

**Whether to Expedite Processing Within 10 Days**

21. Smith repeats and re-alleges the allegations contained in paragraphs 1 through 17 above, inclusive.

22. The USDA has a legal duty under FOIA to determine whether to provide expedited processing of a request, and to provide notice of such determination to a requester, within 10 days after the date of the request.

23. The USDA's failure to make and provide notice of its determination as to expedited processing within 10 days violates FOIA, 5 U.S.C. § 552(a)(6)(E)(ii), and applicable regulations promulgated thereunder.

/ / /

/ / /

**Violation of FOIA for Failure**

**to Make Records Available**

24. Smith repeats and re-alleges the allegations contained in paragraphs 1 through 17 above, inclusive.

25. Smith has a legal right under FOIA to obtain the specific agency records requested on September 22, 2016 and there exists no legal basis for the USDA's failure to promptly make the requested records promptly available to Smith, CIR, and the public.

26. The USDA's failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

27. On information and belief, the USDA currently has possession, custody or control of the requested records.

**WHEREFORE**, Plaintiff Smith requests that the Court award him the following relief:

1. Declare that Defendant USDA violated FOIA by failing to determine whether to comply with the Request within 20 business days and by failing to immediately thereafter notify Smith of such determination and the reasons therefor;

2. Declare that the USDA violated FOIA by failing to determine whether to provide expedited processing within 10 days and by failing to immediately thereafter notify Smith of such determination;

3. Declare that the USDA violated FOIA by failing to disclose the requested records;

4. Order the USDA to immediately disclose the requested records to the public and make copies immediately available to Smith, or, in the alternative, provide for expedited proceedings to adjudicate Smith's rights under FOIA;

5. Award Smith his reasonable costs and attorneys' fees; and

/ / /

/ / /

/ / /

/ / /

/ / /

1   6. Grant such other relief as the Court may deem just and proper.

3   DATED this 1st day of November, 2016.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Thomas R. Burke
    THOMAS R. BURKE
    BRENDAN N. CHARNEY

Attorneys for Plaintiff
MATT SMITH

7

FOIA COMPLAINT
CASE NO.: